# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **DEFENDANT SHELBY MOSES' SENTENCING MEMORANDUM, AND MOTION FOR DOWNWARD VARIANCE** |
| vs. | **Case No.: 5:24-CR-436-G** |
| SHELBY MOSES | |
| Defendant. | |

Pursuant to LCrR32.2, Defendant Shelby Moses, by and through counsel, Joseph P. Barrett, hereby submits the instant Sentencing Memorandum and Motion for Downward Variance in advance of her Sentencing Hearing.

Defendant Moses hereby requests that the Court recognize a 2 to 4 level reduction for her minimal or minor participant role under U.S.S.G. §3B1.2. Further, Defendant Moses respectfully moves for a downward variance significantly below the advisory guideline range as "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing under 18 U.S.C. § 3553(a).

## INTRODUCTION

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005), this Honorable Court is directed to impose a sentence in accordance with 18 U.S.C. § 3553(a). In so doing, the Court is to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2). *Id.*; see, e.g., *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) ("sufficient, but not greater than necessary" requirement is the "overarching instruction" of § 3553(a)). Those purposes include "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C); and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* §

3553(a)(2)(D).

In determining a sentence "sufficient, but not greater than necessary," courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1); the guidelines sentencing range and any applicable Sentencing Commission policy statements, *id.* § 3553(a)(4),(5); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

A District Court must begin "by correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), and then consider the parties' arguments and factors specified in 18 U.S.C. § 3553(a).

## Procedural Background

1. On February 27, 2026, Defendant Shelby Moses entered a guilty plea pursuant to a written Plea Agreement (ECF No. 486) to a one-count Superseding Information (ECF No. 426) charging her with Drug Conspiracy in violation of 21 U.S.C. §§846 and 841(b)(1)(B).

2. Although the Plea Agreement included a stipulation that no role reduction would apply, Counsel for the government – while not consenting to a minimal or minor role reduction - has agreed that such stipulation does not preclude Defendant's argument for role-based leniency.

3. Consistent with Probation's May 8, 2026 Revised Presentence Report and Addendum ("PSR") (ECF No. 591) correctly identifying the limited scope of her relevant conduct compared to her co-defendants, Defendant Moses formally requests a mitigating minimal or minor role adjustment to her final offense level calculation before applying a downward variance.

4. If certain suggested enhancements are sustained – absent a downward variance or mitigating adjustments - the advisory guideline range would be unnecessarily vindictive at 262 to 327 months.

## MINOR PARTICIPANT ADJUSTMENT PURSUANT TO U.S.S.G. §3B1.2

Defendant Moses requests that the Court apply a 2 to 4 level reduction for a minimal or minor participant role because she was significantly less culpable than her co-defendants within the Drug Trafficking Organization (DTO).

**Lack of Decision-Making Authority and Organizational Hierarchy**

The Commentary to U.S.S.G. §3B1.2 directs courts to assess a defendant's relative culpability within the broader criminal enterprise. In this case, the DTO was entirely directed by Marielle Smith, an inmate who ran operations from inside a correctional facility using contraband cellphones. Defendant Moses possessed absolutely no decision-making power, operational control, or leadership authority. She was merely one of several courier individuals directed to transport substances during a singular instance.

**Limited Factual Scope of Conduct**

The factual record demonstrates that Defendant Moses's physical involvement was isolated to a single trip originating from California on February 16, 2024. While controlled substances were ultimately located within her vehicle, Probation correctly noted that there is no evidence establishing that Ms. Moses was aware of the broader, long-term scope of the conspiracy beyond the immediate packages in her possession.

**Relative Culpability Comparison**

A comparison of co-defendants highlights this Defendant's minor role. Distinct from co-defendants Lasasha Johnson and Ashley Law—who routinely managed criminal proceeds and laundered thousands of dollars through casinos— Defendant Moses had no involvement in the financial management, structural organization, or long-term distribution networks of the DTO. Accordingly, minimal or minor role reduction under §3B1.2 is warranted.

**SENTENCING ARGUMENT**

**I. The Nature and Circumstances of the Offense**

While Defendant Moses acknowledges the seriousness of her participation in a federal drug conspiracy, her individual role within the offense suggests that a sentence significantly below the advisory guidelines is appropriate. Defendant Moses was not the target of long-term law enforcement surveillance. Instead, on one occasion, she was identified traveling "in tandem" with co-defendant Bridgette Hudgens, who was the primary target being monitored by the Drug Enforcement Administration (DEA) for methamphetamine distribution in Tulsa.

Defendant Moses's swift admission of guilt and comprehensive acceptance of responsibility have been verified by the Probation Office, warranting a full three-level reduction under the guidelines.

## II. History and Characteristics of the Defendant

Defendant Moses's personal history demonstrates a person who, despite past personal hurdles, maintains a strong commitment to rehabilitation and family structure. Defendant Moses is a 33-year-old mother of three children and has successfully earned her GED. While she has a prior criminal record dating back to her early 20's, her recent actions show a distinct turn toward behavioral stability. Throughout her period on pretrial bond, she has successfully maintained productive employment as a trained dog groomer and her overall compliance demonstrates that a lengthy term of incarceration is not required to deter her from future conduct or protect the public.

As noted in the PSR, when considering an appropriate sentence below the guideline range, the Court may consider Defendant Moses' specific conduct, lack of youthful guidance, history of experiencing physical and emotional abuse, mental health and significant substance abuse concerns.

## III. The 18 U.S.C. §3553(a) Factors Support a Downward Variance

Under the parsimony clause of §3553(a), the Court must impose a sentence that is no greater than necessary to achieve the goals of sentencing. In this case, a downward variance below the advisory guidelines satisfies these statutory objectives:

1. **Just Punishment and Respect for the Law:** A federal prison sentence below the standard guideline range is a profound sanction that reflects the seriousness of the drug conspiracy charge without being unnecessarily vindictive or counterproductive to her minor role.
2. **Adequate Deterrence and Rehabilitation:** Defendant Moses has responded constructively to these criminal proceedings by immediately accepting responsibility. A variance ensures a sentence that prioritizes genuine rehabilitation and accounts for her specific level of culpability.
3. **Protection of the Public:** Given that Defendant Moses operated strictly as a low-level courier under direction on one occasion, has no history of violent conduct within this enterprise, and is focusing on raising her three children, she poses no physical threat to the community.

## CONCLUSION

For the reasons stated above, Defendant Moses respectfully requests that the Court adopt a minor role adjustment and impose a sentence significantly below the advisory guideline range. Such a sentence will properly acknowledge Defendant Moses's individual history, mitigating characteristics and is sufficient to meet the objectives of 18 U.S.C. § 3553(a) as follows:

1.) reflect the seriousness of the offense; promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. §3553 (a)(2)(A);

2.) afford adequate deterrence to criminal conduct," id. §3553(a)(2)(B);

3.) protect the public from further crimes of the defendant," id. §3553(a)(2)(C); and

4.) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Id. §3553(a)(2)(D).

Respectfully submitted this 21st day of May 2026.

_____

Joseph P. Barrett (OBA #36350)
joseph@utahlawgroup.com

BARRETT LAW, P.C.
1874 S Boulder Avenue
Tulsa, OK 74119-5234
(918) 796-5700
Attorney for Defendant, Shelby Moses

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st Day of May 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.